# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. CR-14-123-C |
| ) | |
| PAULA KLUDING , ) | |
| ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**
**AND IMPOSITION OF A MONEY JUDGMENT**

This cause came before the Court on Plaintiff's Motion for a Preliminary Order of Forfeiture (Doc. No. 101) seeking imposition of a personal money judgment against Defendant Paula Kluding ("Defendant") in the amount of $2,519,813.33.  The Court finds:

As a result of the guilty verdict on Count 1 and Counts 6-39 of the Indictment for which the government sought forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(7), and Title 28, United States Code, Section 2461(c), Paula Kluding, shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses, including but not limited to the following:

> a sum of money equal to $2,519,813.33, which represents the  proceeds obtained as a result of the offenses.

The Court has determined, based on the evidence presented during trial, that this property is subject to forfeiture to the United States pursuant to Title 18, United States

Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(7); and Title 28, United States Code, Section 2461(c), and that the government has established the requisite nexus between such property and the offense.

The United States shall have a personal money judgment against Defendant in the amount of $2,519,813.33.

Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this order of forfeiture to substitute property having a value not to exceed $2,519,813.33 to satisfy the money judgment in whole or in part.

The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property in accordance with the Federal Rules of Civil Procedure.

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Federal Rules of Criminal Procedure 32.2(e).

**IT IS SO ORDERED this 14th day of January, 2015.**

_____
ROBIN J. CAUTHRON
United States District Judge