AO 254B (REV. 12/03) Judgment in a Criminal Case
Sheet 1

# United States District Court
## Western District Of Oklahoma

RECEIVED
SEP 24 2015
U.S. MARSHALS W/OK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | CASE NUMBER: CR-14-123-1-C |
| | USM NUMBER: 28889-064 |
| PAULA KLUDING | |
| | Jack D. Pointer, Jacquelyn Ford |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____.

☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.

☒ was found guilty on count(s) __1 - 39 of Indictment__ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offenses Ended | Count |
|---|---|---|---|
| 18:981(a)(1)(c), 18:982(a)(7) & 28:2461(c) | Criminal Forfeiture | February 20, 2012 | 0 |
| 18:371 | Conspiracy to defraud the United States | " " | 1 |
| 18:1516 & 18:2 | Obstruction of Federal Audit; aid & abetting | " " | 2-5 |
| 18:1035 & 18:2 | False statements relating to health care matters; aiding & abetting. | " " | 6-39 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

☒ It is ordered that the defendant shall pay a special assessment of $ __100__ for each of count(s) __1-39, for a total of $3900,__ which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

_____July 28, 2015_____
Date of Imposition of Judgment

_[signature]_
ROBIN J. CAUTHRON
United States District Judge

_____July 29, 2015_____
Date Signed

AO 245B (Rev. 12/03) Judgement in a Criminal Case:
Sheet 2 - Imprisonment

Judgment— Page __2__ of __6__

DEFENDANT: KLUDING, PAULA
CASE NUMBER: CR-14-123-1-C

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of _____ Thirty-six (36) months. This term consists of 36 months on each a counts 1 -39, with all terms to run concurrently with one another.

☒ makes the following recommendations to the Bureau of Prisons: **Carswell, if eligible.**

It is recommended the defendant participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
   ☐ by __12:00 noon__ on _____.
   ☐ as notified by the United States marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☒ by 12:00 noon on __August 28, 2015__.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows: U/S

**FILED**

SEP 24 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

Defendant delivered on _8-28-15_ to _CRW_ _____ at
_Fort Worth Tx_ _____, with a certified copy of this judgment.

S. Upton, Warden
United States Marshal

By _S. Kearny CSO_
Deputy Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case:
Sheet 3 - Supervised Release

Judgment— Page __3__ of __6__

DEFENDANT: KLUDING, PAULA
CASE NUMBER: CR-14-123-1-C

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years. This term consists of 3 years on each of counts 1-39, all such terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒ **The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)**

☒ **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)**

☒ **The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000.**

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev..12/03) Judgment in a Criminal Case:
Sheet 3C - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | KLUDING, PAULA | PAGE _4_ OF _6_ |
| CASE NUMBER: | CR-14-123-1-C | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation officer.

If defendant maintains interest in any business or enterprise, The defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

The defendant shall, upon request of the probation officer, authorize release of any and/all financial information, to include income records, income tax records, and social security records, by execution of a release of financial information form, or by any other appropriate means.

The defendant shall notify the court and the Attorney General of any material change in your economic circumstances that might affect your ability to pay a fine and/or restitution.

The defendant shall not be employed in any fiduciary manner that involves the submission of documents to a federal agency, unless preapproved by a supervision probation officer.

The defendant shall participate in a program of mental health aftercare at the direction of the probation officer. The court may order that the defendant contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

The court suspends the requirement for mandatory urine screening pursuant to 18 U.S.C. §3583(d). The court specifically retains, however, the probation officer's authority under 18 U.S.C. §3603 to administer drug testing for cause as a suitable method for monitoring the defendant's compliance with the standard condition of supervision prohibiting the use of controlled substances.

AO 245B (Rev. 12/03) Judgment in a Criminal Case:
Sheet 5 — Criminal Monetary Penalties

Judgment—Page  5  of  6

DEFENDANT: KLUDING, PAULA
CASE NUMBER: CR-14-123-1-C

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $3900.00 | $-0- | $2,519,813.33 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the U. S. District Court Clerk to be distributed to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| CMS<br>Division of Accounting Operations<br>P.O. Box 7520<br>Baltimore, MD 21207-0520 |  | $2,519,813.33 |  |
| **TOTALS** | $ | $2,519,813.33 |  |

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ The defendant must pay interest on restitution and/or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment – Page 6 of 6

DEFENDANT:   KLUDING, PAULA
CASE NUMBER:   CR-14-123-1-C

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☒ Lump sum payment of $3900.00 due immediately, balance due
    ☐ not later than _____, or
    ☒ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☒ Special instructions regarding the payment of criminal monetary penalties:
**If restitution is not paid immediately, the defendant shall make payments of 10% of the defendant's quarterly earnings during the term of imprisonment.**

**If restitution is not paid immediately, the defendant shall make payments the greater of $500 per month or not less than 10% of the defendant's gross monthly income as directed by the probation officer. Payments are to commence not later than 30 days after release from confinement. Payments shall be forwarded to the U.S. Court Clerk for distribution to the victim(s).**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit to the United States all right, title, and interest in the assets listed in the Preliminary Order of Forfeiture dated January 14, 2015.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.